FILED

2016 MAY -9 PM 4: 12

MIDDLE ... 
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAWN M. PASTA,
an individual,
ANTHONY G. PASTA,
an individual,

Case No.: 6:16-cv-793-ORL-41-KRS

        Plaintiffs,
v.

WESTGATE RESORTS INC.,
a Florida profit corporation,
WESTGATE FLAMINGO BAY, LLC,
a Florida limited liability company,

        Defendants.
_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, DAWN M. PASTA (hereinafter, "Mrs. Pasta") and ANTHONY G. PASTA (hereinafter, "Mr. Pasta") (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendants, WESTGATE RESORTS INC. (hereinafter, "Westgate") and WESTGATE FLAMINGO BAY, LLC (hereinafter, "Flamingo Bay") (hereinafter collectively, "Defendants"). In support thereof, Plaintiffs state:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims

pursuant to 28 United States Code, Section 1367.

2. Venue in this District is proper because Defendants transact business in this District and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendants, complained of below, occurs in and/or from Orange County, Florida.

4. At all material times herein, Plaintiffs are individuals residing in Sussex County, Delaware.

5. Westgate is a Florida profit corporation existing under the laws of the state of Florida, with its principal place of business located at 5601 Windhover Dr., Orlando, Florida 32819 that, itself and through its subsidiaries, regularly sells, finances and/or services timeshares to consumers.

6. Flamingo Bay is a Florida limited liability company existing under the laws of the state of Florida, with its principal place of business located at 5601 Windhover Drive, Orlando, FL 32819 that, itself and through its subsidiaries, regularly services the loans, accounts, credit obligations, and/or mortgage installment contracts of Westgate.

## GENERAL ALLEGATIONS

7. At all material times herein, Defendants are each a "creditor" as defined by Florida Statutes, Section 559.55(5).

8. At all material times herein, Plaintiffs are each a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

9. At all material times herein, Defendants attempt to collect a debt, specifically a consumer mortgage loan and note referenced by account number ending in -6221 (hereinafter, the "Debt").

10. At all material times herein, the Debt is a consumer debt, incurred primarily for personal, household, or family use.

11. At all material times herein, Defendants are each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12. At all material times herein, Defendants' conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

13. At all material times herein, Defendants each act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## FACTUAL ALLEGATIONS

15. Defendants' telephone calls, as more specifically alleged below, were placed to Plaintiffs' cellular telephone numbers ending -0219 and -0212 (hereinafter collectively, "Cellular Telephones") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

16. Mrs. Pasta is the owner, regular user, and possessor of the Cellular Telephone with the assigned number ending -0219.

17. Mr. Pasta is the owner, regular user, and possessor of the Cellular Telephone with the assigned number ending -0212.

18. At no time herein did Defendants possess either Plaintiff's prior express consent to

call their respective Cellular Telephones using an ATDS, PTDS, or an APV.

19. On or about June 18, 2014, Plaintiffs retained Finn Law Group, P.A. (hereinafter, "FLG") for representation with respect to their timeshare interests, and any associated debts allegedly owed to Defendants, including the Debt.

20. On or about June 25, 2014, FLG sent Defendants, via their agent and counsel, Greenspoon Marder, P.A. (hereinafter, "Greenspoon") a facsimile to 407.563.8935, care of Kate Saft (hereinafter, "Ms. Saft")[1], that provided Defendants actual notice of FLG's representation of Plaintiffs with respect to the Debt, provided Defendants FLG's contact information and advised Defendants that all future communication with respect to the Debt must cease with Plaintiffs and should be directed to FLG's office, (hereinafter, "Initial Letter of Representation"). Please see attached a true and correct copy of said Initial Letter of Representation labeled as Exhibit "B."

21. If Defendants contend they possessed Plaintiffs' prior express consent to call Plaintiffs on their Cellular Telephones using an ATDS, PTDS, or an APV, Plaintiffs revoked such consent the moment Greenspoon received FLG's Initial Letter of Representation that expressly revoked any prior express consent—to the extent any existed—for Defendants to call Plaintiffs' Cellular Telephones using an ATDS, PTDS, or an APV. *See* Ex. "B" at p. 2.

22. Additionally, if Defendants contend the below-referenced phone calls were placed for "informational purposes only," they nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiffs' Cellular Telephones using an ATDS, PTDS, or an APV.

23. Defendants placed each of the below-referenced communications despite possessing actual knowledge of FLG's representation of Plaintiffs with respect to the Debt,

---

[1] On or about April 1, 2014, Ms. Saft sent FLG an e-mail requesting that all correspondence to Westgate be sent to Greenspoon's office. Please see attached a true and correct copy of said e-mail labeled as Exhibit "A."

4

possessing FLG's contact information, being advised that all future communication with respect to the Debt must cease with Plaintiffs and should be directed to FLG's office, and having been advised that any purported prior express consent to contact Plaintiffs on their Cellular Telephones—should it exist—using an ATDS, PTDS, or an APV was revoked.

24. As Plaintiffs are co-obligors on the Debt, each of the below-referenced communications placed by Defendants to Mrs. Pasta also constitute indirect attempts to collect the Debt from Mr. Pasta.[2]

25. On or about July 3, 2014, at approximately 12:55 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

26. Defendants placed the immediately-aforementioned call from telephone number 407.992.7825.

27. On or about July 5, 2014, at approximately 2:21 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

28. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

29. On or about July 6, 2014, at approximately 1:55 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

30. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

31. On or about July 7, 2014, at approximately 12:49 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

32. Defendants placed the immediately-aforementioned call from telephone number

---

[2] *See Miceli v. Orange Lake Country Club, Inc.*, No. 6:14-CV-1602-ORL-41, 2015 WL 5081621, at *4 (M.D. Fla. Aug. 5, 2015) (holding that communicating with one debtor-spouse about a joint debt can be an indirect communication to the other debtor-spouse).

1.800.285.1691.

33. On or about July 9, 2014, at approximately 12:49 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

34. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

35. On or about July 11, 2014, at approximately 10:13 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

36. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

37. On or about July 13, 2014, at approximately 10:33 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

38. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

39. On or about July 14, 2014, Flamingo Bay, on Westgate's behalf—and with Westgate's consent, knowledge, and approval—directly sent Plaintiffs a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "C."

40. On or about July 14, 2014, at approximately 4:47 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

41. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

42. On or about July 17, 2014, at approximately 2:55 p.m. EST, Defendants called Mrs.

Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

43. Defendants placed the immediately-aforementioned call from telephone number 407.992.7825.

44. On or about July 18, 2014, at approximately 9:45 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

45. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

46. On or about July 19, 2014, at approximately 11:59 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV and left Mrs. Pasta a voicemail message on her Cellular Telephone requesting Plaintiffs call Westgate regarding the Debt.

47. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

48. On or about July 21, 2014, at approximately 3:16 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

49. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

50. On or about July 24, 2014, at approximately 3:25 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

51. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

52. On or about July 25, 2014, at approximately 9:00 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

53. Defendants placed the immediately-aforementioned call from telephone number

1.800.285.1691.

54. On or about July 27, 2014, at approximately 1:45 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

55. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

56. On or about July 28, 2014, Flamingo Bay, on Westgate's behalf—and with Westgate's consent, knowledge, and approval—directly sent Plaintiffs a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "D."

57. On or about July 28, 2014, at approximately 11:52 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV and left Mrs. Pasta a voicemail message on her Cellular Telephone requesting Plaintiffs call Westgate regarding the Debt.

58. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

59. On or about July 29, 2014, at approximately 5:41 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

60. During the immediately-aforementioned call, Mrs. Pasta spoke with Defendants' employee or representative "Paula," advised "Paula" *twice* that Plaintiffs retained FLG with respect to the Debt, provided "Paula" with FLG's contact information and demanded that any and all communication with respect to the Debt must be directed to FLG's office. "Paula" did not acknowledge Plaintiffs' representation by FLG and instead advised Mrs. Pasta that she would inform the owner of Westgate, David Seagal, about Plaintiffs' complaint.

61. Defendants placed the above-referenced call from telephone number 321.207.8500.

62. On or about August 1, 2014, at approximately 12:03 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

63. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

64. On or about August 4, 2014, at approximately 2:53 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

65. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

66. On or about August 6, 2014, at approximately 11:35 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

67. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

68. On or about August 9, 2014, at approximately 11:07 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

69. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

70. On or about August 11, 2014, at approximately 5:44 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

71. Defendants placed the immediately-aforementioned call from telephone number

1.800.285.1691.

72. On or about August 13, 2014, at approximately 12:21 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

73. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

74. On or about August 15, 2014, at approximately 11:19 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

75. During the immediately-aforementioned call, Mrs. Pasta spoke with Defendants' employee or representative "Allysa," and *again* advised Defendants of FLG's representation of Plaintiffs with respect to the Debt, provided FLG's contact information, and demanded that any and all communication with respect to the Debt must be directed to FLG's office.

76. Defendants placed the immediately-aforementioned call from telephone number 1.800.285.1691.

77. On or about September 3, 2014, at approximately 9:30 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

78. Defendants placed the immediately-aforementioned call from telephone number 866.886.1013.

79. On or about September 4, 2014, at approximately 5:25 p.m. EST, Defendants' employee or representative "Hector" called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

80. Defendants placed the immediately-aforementioned call from telephone number

321.236.6807.

81.     On or about November 11, 2014, Plaintiffs retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

82.     On or about November 25, 2014, at approximately 4:25 p.m. EST, Defendants called Mr. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

83.     As Plaintiffs are co-obligors on the Debt, the immediately-aforementioned call placed by Defendants to Mr. Pasta constitutes an indirect attempt to collect the Debt from Mrs. Pasta.

84.     Defendants placed the immediately-aforementioned call from telephone number 202.800.5614.

85.     On or about December 17, 2014, at approximately 9:11 a.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

86.     Defendants placed the immediately-aforementioned call from telephone number 866.886.1013.

87.     On or about December 17, 2014, at approximately 12:23 p.m. EST, Defendants called Mrs. Pasta's Cellular Telephone in an attempt to collect the Debt using an ATDS, PTDS, or an APV.

88.     Defendants placed the immediately-aforementioned call from telephone number 866.886.1013.

89.     Due to both professional and personal commitments, Plaintiffs were not able, to record the specifics (as done above) on each and every call placed to Plaintiffs. Plaintiffs assert,

however, that the above-referenced calls are but a sub-set of Defendants' calls placed in violation of the FCCPA and the TCPA. Further, Defendants are in the best position to determine and ascertain the number and methodology of calls placed to Plaintiffs.

90. As a direct result of each Defendant's actions, Plaintiffs suffered emotional distress, anxiety, inconvenience, frustration, annoyance, confusion and believed that the hiring of an attorney for representation with respect to the Debt was wholly ineffective and that the frequent, repeated, direct debt collection attempts would need to simply be endured.

91. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against each Defendant.

92. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiffs' Cellular Telephones in violation of the TCPA or the regulations proscribed thereunder.

93. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiffs' Cellular Telephones in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

94. At all times herein, Westgate possessed knowledge of the TCPA and the regulations and prohibitions contained therein as Westgate was previously sued for violations of the TCPA. *See Soulliere v. Cent. Fla. Invs., Inc.*, 2015 U.S. Dist. LEXIS 36858 (M.D. Fla. Mar. 23, 2015).

95. As of the date of this complaint, Defendants did not initiate a law suit in an effort to collect the Debt. Likewise, no final judgment with respect to the Debt was obtained by, or transferred to, Defendants.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiffs re-allege paragraphs one (1) through ninety-five (95) as if fully restated herein and further states as follows:

96. Defendants are subject to, and both violated provisions of, Florida Statutes, Section 559.72(7) by attempting to collect the Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

97. Specifically, Defendants possessed actual knowledge of FLG's legal representation of plaintiffs via repeated notice by both FLG and Plaintiffs.

98. Further, at no material time herein did Defendants possess Plaintiffs' prior express consent to call Plaintiffs' on their Cellular Telephones using an ATDS, a PTDS, or an APV.

99. Additionally, to the extent that Defendants claim they possessed prior express consent to call Plaintiffs on their Cellular Telephone using an ATDS, PTDS, or an APV, Plaintiffs revoked such consent when they repeatedly advised Defendants that they were represented by FLG with respect to the Debt, provided FLG's contact information, and demanded that all communication with respect to the Debt be directed to FLG's office.

100. Despite said knowledge, Defendants continuously attempted to collect the Debt via *at least* twenty-six (26) auto-dialed collection calls to Plaintiffs' Cellular Telephones.

101. Furthermore, Defendants directly sent Plaintiffs *at least* two (2) collection letters in an attempt to collect the Debt.

102. As a direct and proximate result of each Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiffs re-allege paragraphs one (1) through ninety-five (95) as if fully restated herein and further state as follows:

103. Defendants are subject to, and violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiffs after receiving actual notice that Plaintiffs were represented by counsel with respect to the Debt.

104. Defendants received actual notice and possessed actual knowledge of FLG's representation of Plaintiffs with respect to the Debt and FLG's contact information via the Initial Letter of Representation and Plaintiffs' repeated advisements of the same.

105. Despite possessing the above-referenced notice and knowledge Defendants directly sent Plaintiffs *at least* two (2) collection letters and called Plaintiffs' Cellular Telephones *at least* twenty-six (26) times in an attempt to collect the Debt.

106. As a direct and proximate result of each Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 U.S.C., SECTION 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through ninety-five (95) as if fully restated herein and further state as follows:

107. Defendants are subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

108. At no time did Defendants possess Plaintiffs' prior express consent to call Plaintiffs

on their Cellular Telephones.

109. Further, if Defendants contend they possessed such consent, Plaintiffs revoked such consent the moment Greenspoon received the Initial Letter of Representation from FLG.

110. Additionally, if Defendants contend their phone calls were placed for "informational purposes only," they nonetheless lacked the required prior express consent necessary to make such informational calls to Plaintiffs' cellular phone using an ATDS, PTDS, or an APV.

111. Despite lacking Plaintiffs' prior express consent, Defendants placed *at least* twenty-six (26) calls to Plaintiffs' Cellular Telephones using an ATDS, PTDS, or an APV.

112. The phone calls placed by Defendants complained of herein are the result of a repeated willful and knowing violation of the TCPA.

113. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered:

    a. The periodic loss of their cellular phone service;

    b. Lost material costs associated with the use of peak time cellular phone minutes allotted under his cellular phone service contract;

    c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost; and

    d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiffs respectfully request:

    a. Judgment against Defendants declaring that Defendants violated the

FCCPA and the TCPA;

  b. Judgment for Plaintiffs against Defendants for maximum statutory damages for violations of the FCCPA;

  c. Judgment for Plaintiffs against Defendants for statutory damages in the amount of $500.00 for each of Defendants' telephone calls that violated the TCPA;

  d. Judgment for Plaintiffs against Defendants for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendants acted knowingly and/or willfully;

  e. Actual damages in an amount to be determined at trial;

  f. An award of attorneys' fees and costs; and

  g. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
_____
[X] **Aaron M. Swift, Esq., FBN 0093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305

consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiffs*

and

**FINN LAW GROUP, P.A.**
**Michael D. Finn, Esq., FBN 0089029**
**Patrick Kennedy, Esq. FBN 0097973**
7431 114th Avenue, Suite 104
Largo, FL 33773
Phone: (727) 214-0700
Fax: (727) 475-1494
pleadings@finnlawgroup.com
michaeldfinn@finnlawgroup.com
patrick@finnlawgroup.com
*Attorneys for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF DELAWARE )
)
COUNTY OF Sussex )

Plaintiff Dawn M. Pasta, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Dawn M. Pasta

Subscribed and sworn to before me
this 2nd day of May, 2016.

_____
Notary Public

My Commission Expires:   Proof of I.D.: DL 1765114 Exp 5/31/22

March 8, 2018

18

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF DELAWARE   )
                    )
COUNTY OF Sussex    )

Plaintiff Anthony G. Pasta, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Anthony G. Pasta

Subscribed and sworn to before me
this 2nd day of May, 2016.

_____
Notary Public

My Commission Expires:
March 8, 2018

Proof of I.D.: DL 179744 Exp 3-9-22

19